

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

**FILED**

SEP 0 6 2007

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| AGATHA AMAN, as Conservator for C.C.S., a minor, | * * * | CIV 06-1020 |
| Plaintiff, | * * | |
| -vs- | * * | OPINION AND ORDER |
| JOSELITO CABACAR, M.D., and DEWI FRANCES DEPOSITARIO-CABACAR, M.D., | * * * * | |
| Defendants. | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiff filed this action against defendants on behalf of a minor child contending that defendants (1) negligently failed to protect the then eight month old child from child abuse, (2) failed to report child abuse as required by state law, and (3) negligently failed to diagnose and treat the child for child abuse. The abused child was released from the hospital to the custody of the child's mother and her boyfriend, the abuser, and subsequently (six hours later) suffered additional abuse, resulting in permanent injuries. Defendants filed a motion for summary judgment contending that defendants owed no duty to protect the child from the criminal acts of another and that there is no private cause of action for failure to report child abuse. Also pending are defendants' motion to extend the deadline to disclose an expert and defendants' motion to add the mother of the child as a third party defendant.

## DECISION

### I. Summary Judgment.

Summary judgment is appropriate "[w]hen the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fischer v. Andersen Corp., 483 F.3d 553, 556 (8th Cir. 2007) (*citing* Fed.R.Civ.P. 56(c) and Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995). In this case there exist genuine issues as to medical negligence. However, defendants contend that, even assuming negligence, as a matter of law they owed no duty to the child to protect her from child abuse.

The rule of Erie R. Co. v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in general, requires adherence to the appropriate substantive law of a particular state in a diversity case. Thus, South Dakota law governs substantive issues of liability in this case. B.B. v. Continental Insurance Co., 8 F.3d 1288, 1291 (8th Cir. 1993); Adams v. Fuqua Industries, Inc., 820 F.2d 271, 273 (8th Cir. 1987).

Under South Dakota law, "[i]n order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." Hendrix v. Schulte, 2007 SD 73, ¶ 7, 2007 WL 2059827, p. 1 (quoting Fisher Sand & Gravel Co. v. South Dakota, 1997 SD 8, ¶ 12, 558 NW2d 864, 867). "As a general rule, the existence of a duty is to be determined by the court. Summary judgment in a negligence case is appropriate when the trial judge resolves the duty question in the defendant's favor." Hendrix v. Schulte, 2007 SD 73, ¶ 8, 2007 WL 2059827, p. 2.

**A. Medical Negligence.**

"A duty can be created by statute or common law." Id. at ¶ 7. The South Dakota Constitution[1] and existing statutory law[2] provide that an injured person has a right to a remedy against a wrongdoer. Baatz v. Arrow Bar, 426 NW2d 298, 304 (SD 1988).

---

[1]South Dakota Constitution, art. VI § 20 provides:
> All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay.

[2]SDCL 20-9-1, the codification of South Dakota's common law of negligence, provides in part:
> Every person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill[.]

2

"The negligence standard for doctors is no different than that for other professionals." Magbuhat v. Kovarik, 382 NW2d 43, 46 (SD 1986). The issue is whether the doctor deviated from the required standard of care, that is, whether he breached his duty to "use that care and skill ordinarily exercised under similar circumstances by physicians in good standing." Martinmaas v. Engelmann, 200 SD 85, ¶ 31, 612 NW2d 600, 608.

> The question of duty arises frequently in cases of medical malpractice. Since a physician or surgeon normally undertakes only to exercise the skill and care common to the profession, there usually is not enough in a mistaken diagnosis alone, or the unfortunate choice of the wrong method of treatment, or the kind of accident or undesirable result which happens in spite of all reasonable precautions, to show the necessary lack of skill or care.

Shamburger v. Behrens, 380 N.W.2d 659, *664 (S.D.,1986) (*quoting* Van Zee v. Sioux Valley Hospital, 315 N.W.2d 489, 492 (S.D.1982) (*quoting* Prosser, Law of Torts, pp. 226-228 (4th Ed.1971))).

Plaintiff alleges that the defendants owed a duty to the child to properly diagnose her condition - broken bones. There is no question that had x-rays been taken, the child's condition would have been known. An issue fact exists: did the defendants have a duty to order x-rays? Defendants allegedly breached duties resulting in the child being released back home where she was subject to further abuse. Genuine issues of material fact exist as to whether failure to diagnose the child's broken bones was a breach of duty and, if so, whether that breach was a proximate cause of the subsequent abuse and resulting injuries the child sustained.

### B. Failure to Report Child Abuse.

SDCL 26-8A-3 provides, in part:

> Any physician . . . who [has] reasonable cause to suspect that a child under the age of 18 has been abused or neglected as defined in § 26-8A-2 shall report that information in accordance with §§ 26-8A-6, 26-8A-7, and 26-8A-8. Any person who intentionally fails to make the required report is guilty of a Class 1 misdemeanor.

The purpose of the statutes enacted as part of Chapter 26-8A was to protect children from abuse and neglect. SDCL 26-8A-1. It is thus a safety statute.

3

A safety statute, passed for the protection of the injured, "becomes the standard of care or conduct to which the reasonably prudent person is held. Failure to follow the statute involved constitutes a breach of the legal duty imposed and fixed by such statute. Since negligence is a breach of a legal duty, the violator of a statute is then negligent as a matter of law." Baatz v. Arrow Bar, 426 NW2d 298, 302 -303 (SD 1988) (quoting Alley v. Siepman, 214 NW 2d 7, 9 (SD 1974)).

Other South Dakota cases are relevant. See Hansen v. State Department of Transportation, 1998 SW 109, 584 NW2d 881 (an unexcused violation of a statute enacted to promote safety constitutes negligence per se; whether a defendant breached a statutory duty and, if so, whether the breach was a proximate cause of the injuries constitute questions for the fact finder); Blakey v. Boos, 153 NW2d 305, 309 (SD 1967) (it is not sufficient to prove a violation of the statute in question since it must further appear that the violation was a proximate cause of the plaintiff's injury); and Bauman v. Auch, 539 NW2d 320, 325 (SD 1995) (questions of proximate cause are for the jury in all but the rarest of cases).

Defendants contend that they had no reason to suspect child abuse because they did not know the child's legs were broken. Therefore, they contend that they did not violate the statute as a matter of law. The reporting requirement under SDCL 26-8A-3 is objective in nature, not subjective. Hughes v. Stanley County School Bd., 1999 SD 65, ¶ 27 n. 25, 594 NW2d 346, 352 n. 25. "Reasonable cause is the same as 'probable cause.'" Hughes v. Stanley County School Bd., 5 1999 SD 65 at ¶ 30, 94 NW2d at 353.

> The law does not require [defendants] act with the Wisdom of Solomon, the deductive skills of Sherlock Holmes or possess 20-20 hindsight; only that [they] act reasonably. Reasonable cause or probable cause is not determined with the "benefit of hindsight," it is determined solely by those factors present at the time [defendants were examining the child.]

Hughes v. Stanley County School Bd., 1999 SD 65 at ¶ 37, 594 NW2d at 354.

Reasonable cause is an issue for the jury. Genuine issues of material fact exist as to whether failing to order an x-ray and discover the child's broken legs was reasonable.

Defendants contend that SDCL Chapter 26-8A creates no private right of action. The cause of action is negligence. Violation of the statute is the basis for the claim that defendants

4

were negligent.  The South Dakota Legislature has, in some cases, prohibited claims for

negligence arising out of duties created by statute.  *See* SDCL 35-4-78 (abrogating dram shop

liability for selling liquor to intoxicated persons in violation of statute) and SDCL 35-11-1

(serving of alcoholic beverages is not the proximate cause of any injury inflicted by an

intoxicated person).  "Obviously, the legislature can abrogate the rights that flow from legislative

acts and statutes." Baatz v. Arrow Bar, 426 NW2d 298, 302 (SD 1988).  However, no such

limitation of civil liability has been enacted as to the violation of SDCL Chapter 26-8A.

### C.  Failure to Protect.

Defendants contend that they cannot be held responsible for the criminal actions of

another.

> On the whole, we recognize no general duty to protect one's fellow human
> beings from crime, and that rule equally applies to the ordinary
> relationship of landlord and tenant.  If a duty exists for such protection, it
> must originate from some special relationship imposing an obligation to
> protect another from crime based on a position of dependence intrinsic to
> the relationship.  A special relationship can occur between common
> carriers and passengers, innkeepers and guests, business owners and
> invitees, and employers and employees.  *See* Restatement (Second) of
> Torts § 314A (1965).

Smith ex rel. Ross v. Lagow Const. & Developing Co., 2002 SD 37, ¶ 12, 642 NW2d 187,

190-91.

> If the law is to impose a duty on A to protect B from C's criminal acts, the
> law usually looks for a special relationship between A and B, a situation
> where B has in some way entrusted his or her safety to A and A has
> accepted that entrustment.  This special relationship also assumes that the
> harm represented by C is something that A is in a position to protect
> against and should be expected to protect against.

Erickson v. Curtis Inv. Co., 447 NW2d 165, 168 (Minn. 1989).  Stated another way, the legal

obligation to protect the child against the an intervening criminal act of another depends upon the

relationship of the defendants and plaintiff and the foreseeablility of harm to the plaintiff.  Braun

v. New Hope Tp., 202 SD 67, ¶¶ 12-16, 646 NW2d 737, 740-41.

The child in this case was unable to protect herself.  She was presented to the defendants

for medical diagnosis and treatment.  Defendants were in a position to discover the abuse

suffered by the child and may have been statutorily required to report that abuse. A special relationship existed either factually or by operation of law.

South Dakota recognizes "the common law rule that intervening/superseding causes may relieve a negligent actor from that actor's antecedent negligence." Braun v. New Hope Township, 2002 SD 67, ¶ 10, 646 NW2d 737, 740. "[N]ot all intervening causes relieve the original actor of liability." *Id* at ¶ 13, 646 NW2d at 740.

> The determination of when an intervening cause becomes a superseding cause is based on a number of factors. Restatement at §§ 441(2), 442-53. Two common factors are the relationship of the parties and foreseeability.

Braun v. New Hope Township, 2002 DSD 67, ¶ 14, 646 NW2d at 741. "Foreseeability of high risk of harm is the basis for delineating the boundaries for a duty of protection." *Id.* at ¶ 16, 646 NW2d at 741 (*quoting* Smith v. Lagow Const. & developing Co., 2002 SD 37, ¶ 17, 642 NW2d 187, 192).

Plaintiff alleges that the defendants failed to properly diagnose the child's injuries. Had the child's broken bones been discovered, plaintiff contends, child abuse would have been evident. Defendants do not dispute this. It is foreseeable that sending an abused child back home subjects the child to a high risk of harm. A duty exists to protect an infant from a high risk of subsequent child abuse. Genuine issues of material fact exist as to whether defendants breached that duty by failing to discover and diagnose child abuse.

## II. Motion To Add Party

Defendants filed, on July 6, 2006, a third party complaint against Matthew Hurst, the abuser who inflicted the permanent injuries suffered by the child. The parties submitted a Form 35 Report stating that neither party anticipated the need to join any further parties but that all motions to add parties should be filed before November 1, 2006. That deadline was incorporated into the Rule 16 Scheduling Order. On January 5, 2007, defendant moved to add the child's mother as a third party defendant. The basis of the late motion was that information was disclosed in the mother's September 12, 2006, deposition which was later relied upon by defendants' expert to conclude that she had failed to protect the child. Defendants' consulting expert apparently so advised counsel for the defendants of this conclusion in December of 2006.

6

The defendants alleged in the third party complaint that they are entitled to indemnity from Matthew Hurst and that they are also entitled to have the jury assess the relative degrees of culpability between defendants and Hurst. The defendants allege the same claims in their proposed third party complaint against the child's mother.

"In South Dakota indemnity is an 'all-or-nothing' proposition where the party seeking indemnification must show an absence of proportionate fault to shift the entire liability. Weiszhaar Farms, Inc. v. Tobin, 522 NW2d 484, 492 (SD 1994). "The party seeking indemnity has to show an absence of proportionate fault so that the entire liability can be shifted." Sheehan v. Morris Irr., Inc., 460 NW2d 413, 417 (SD 1990). If defendants are without fault for the injuries and damages claimed by plaintiff, they will incur no liability.

Pursuant to SDCL 15-8-15, "When there is such a disproportion of fault among joint tort-feasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tort-feasors shall be considered in determining their pro rata shares. The child's mother is a "joint tortfeasor" if she is "jointly or severally liable in tort for the same injury to" her child. SDCL 15-8-11. Defendants contend in their proposed third party complaint that the child's mother was negligent in failing to protect the child. Defendants do not cite any authority for the proposition that a parent can be held liable for failure to protect the child from the actions of a third person.

"As a general matter, the Federal Rules of Civil Procedure 'are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation.' Pucket v. Hot Springs School Dist. No. 23-2, 239 F.R.D. 572, 589 (D.S.D. 2006) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)). A stricter standard applies when a party seeks to amend after the deadline imposed by the court's scheduling order. Id. "The court has discretion whether to allow leave to amend past the deadline in the scheduling order." Id. at 590. There is no basis for the late filing of a third party complaint against the mother in this case. We are too close to the trial date and the trial would be unduly delayed with a new party being added. The motion to add a party should be denied.

7

### III. Expert Discovery.

Defendants filed a motion on April 12, 2007, to extend the expert disclosure deadline to allow them to name Dr. Thomas Luzier as an expert. Defendants' original disclosure deadline, entered in July of 2006, was February 15, 2007. Defendants timely disclosed four experts. Defendants' moved, without objection, to extend that deadline on March 5, 2007, to designate Dr. Dewey Katz, a rehabilitation medicine specialist. The defendants' expert disclosure deadline was extended to April 18, 2007. On March 30, 2007, defendants designated Dr. Luzier as an expert. Dr. Luzier opined that a proper diagnosis of the rashes noted on the child when she was hospitalized would include an allergic reaction to the antibiotics that had been prescribed in the previous several days. He did not express any opinion as to whether the swollen legs should have prompted the defendants to order x-rays to discover the cause of the swelling. On April 12, 2007, defendants moved to extend the expert disclosure deadline to allow for the timely disclosure of Dr. Luzier as a defense expert.

The motion to extend the deadline came on for hearing at the pre-trial conference. Based upon the discussion at that hearing, I find that the motion should be granted, contingent upon the defendants paying sanctions to the plaintiff in the amount of $500.

### ORDER

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 46, for summary judgment or for partial summary judgment is denied.

2. The motion, Doc. 18, to file and serve a third party complaint against the child's mother is denied.

3. The motion, Doc. 50, to extend the expert disclosure deadline is granted, contingent upon the defendants' payment of $500 sanctions to the plaintiff.

Dated this 6th day of September, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:                          DEPUTY
(SEAL)

8